IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| TEAIRRA CHISM, | 8:05CV124 |
| Plaintiff, | |
| vs. | **MEMORANDUM AND ORDER** |
| SEPTEMBERFEST, INC.; SEPTEMBERFEST OMAHA, INC.; CITY OF OMAHA; OMAHA POLICE DEPARTMENT; STATE OF NEBRASKA; NEBRASKA STATE PATROL; NEBRASKA STATE PATROL OFFICER ALAN EBERLE; NEBRASKA STATE PATROL OFFICER GORDON ANVILLE; THOMAS WARREN, CHIEF OF POLICE; PAUL KRATZ, CITY ATTORNEY; OMAHA POLICE OFFICER RUSSELL LEWIS; OMAHA POLICE OFFICER HAROLD SCOTT; OMAHA POLICE OFFICER DANA THROENER; TOM NESBIT, HEAD OF THE NEBRASKA STATE PATROL; OMAHA CHIEF OF POLICE; JOHN DOES 1-10, | |
| Defendants. | |

  This matter is before the court on motions to dismiss filed by six defendants: the Omaha Police Department (filing 6); the State of Nebraska and Nebraska State Patrol (filing 12); Gordon Anville (filing 14); Alan Eberle (filing 16); and Tom Nesbit (filing 18).

  The plaintiff alleges that while attending a carnival in Omaha on August 23, 2002, she was forcefully taken into custody and detained by off-duty officers from the Nebraska State Patrol and Omaha Police Department, and was later arrested. She claims that the defendants are liable under Nebraska law for assault and battery, false

arrest, and false imprisonment, and also under 42 U.S.C. §§ 1983 and 1985 for violating the plaintiff's rights under the Fourth, Sixth, and Fourteenth Amendments to the United States Constitution.

## I. *Omaha Police Department*

The Omaha Police Department has moved to dismiss the plaintiff's complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). The department contends that it is not a legal entity, separate and distinct from the City of Omaha, and thus it is not subject to suit. This contention is correct.

The department's capacity to be sued in this case is determined by Nebraska law. See Fed. R. Civ. P. 17(b). Under Nebraska law, the City of Omaha is a city of the metropolitan class, a body "corporate and politic" with the power "[t]o sue and be sued." Neb. Rev. Stat. § 14-101. The city council exercises complete control over the police department. See Neb. Rev. Stat. §§ 14-102.02, 14-213, and 14-601. No independent authority is conferred by statute upon the Omaha Police Department that would permit it to be named as a party in this action. The plaintiff has already named the City of Omaha as a defendant.[1]

## II. *State of Nebraska and Nebraska State Patrol*

The State of Nebraska and Nebraska State Patrol have moved to dismiss the plaintiff's complaint pursuant to Federal Rule of Civil Procedure 12(b)(1) and (6). These defendants properly claim Eleventh Amendment immunity.

---

[1] The plaintiff has also named the police chief and the city attorney as defendants, together with three Omaha police officers, Harold Scott, Russell Lewis, and Dana Throener, who allegedly "failed and neglected to stop the assault on the Plaintiff by the Nebraska State Patrol employees [Gordon Anville and Alan Eberle] and arrested Plaintiff without probable cause that a crime was committed." (Complaint ¶ 25.)

A state and its agencies are not "persons" within the meaning of § 1983.  See Will v. Michigan Dept. of State Police, 491 U.S. 58, 64 & 70 (1989).  Congress also has not abrogated state immunity by enacting 42 U.S.C. § 1985.  Beach v. State of Minnesota, No. 03-CV-862, 2003 WL 21488679, *3 (D.Minn. June 25, 2003), aff'd, No. 03-3017, 92 Fed.Appx. 386, 2004 WL 726582 (8th Cir. Apr 06, 2004).  Nor has the State of Nebraska waived its Eleventh Amendment immunity as to tort claims against it in federal court in the State Tort Claims Act.  Doran By and Through Doran v. Condon, 983 F.Supp. 886, 890 (D.Neb. 1997).

### III.  *Gordon Anville and Alan Eberle*

Gordon Anville and Alan Eberle are alleged to be Nebraska State Patrol officers.  They are sued both individually and in their official capacity. (Complaint, ¶ 22.)  Insofar as the official-capacity claims are concerned, they are entitled to the same immunity from suit as the State of Nebraska and Nebraska State Patrol.  See Hopkins v. Saunders, 199 F.3d 968, 977 (8th Cir. 1999) (Eleventh Amendment protects a state official sued in his official capacity from all claims except for certain forms of prospective equitable relief).

These defendants also claim immunity because the State Tort Claims Act does not apply to  "[a]ny claim arising out of assault, battery, false imprisonment, false arrest, malicious prosecution, abuse of process, libel, slander, misrepresentation, deceit, or interference with contract rights." Neb. Rev. Stat. § 81-8,219(4).  It is true that the State of Nebraska has not waived its immunity as to any of the state tort claims that are alleged in this case, but the Act does not prohibit the plaintiff from bringing such claims against Anville and Eberle in their individual capacity.  The term "tort claim" is defined in the Act as "any claim against an employee of the state for money only on account of . . . personal injury . . . caused by the . . . wrongful act or omission of the employee while acting within the scope of his or her employment . . .." Neb. Rev. Stat. § 81-8,210(4) (emphasis supplied). This limiting language makes it clear that tort claims against state employees for acts or omissions occurring

3

outside the scope of their employment are not governed by the Act. Because Anville and Eberle are alleged to have been off-duty, acting "beyond the scope of their jurisdiction and without authorization of law," (Complaint ¶¶ 7, 32), they are not personally immune from suit. See Stagemeyer v. County of Dawson, 192 F. Supp. 2d 998, 1008-09 (D.Neb. 2002) (State Patrol officers not immune from suit for malicious prosecution or abuse of process where plaintiff alleged they were not acting within the scope of their employment).

Although these defendants generally assert that the court lacks subject matter jurisdiction over the state tort claims, they cannot claim Eleventh Amendment immunity in their personal capacity.[2] "Only States and state officers acting in their official capacity are immune from suits for damages in federal court." Buckhannon Bd. and Care Home, Inc. v. West Virginia Dept. of Health and Human Resources, 532 U.S. 598, 609 n.10 (2001) (citing Edelman v. Jordan, 415 U.S. 651 (1974)). "The Eleventh Amendment does not erect a barrier against suits to impose 'individual and personal liability' on state officials." Hafer v. Melo, 502 U.S. 21, 30-31(1991). Thus, "[a] suit for money damages may be prosecuted against a state officer in his individual capacity for unconstitutional or wrongful conduct fairly attributable to the officer himself, so long as the relief is sought not from the state treasury but from the officer personally." Alden v. Maine, 527 U.S. 706, 757 (1999). Cf. Ford Motor Co. v. Department of Treasury, 323 U.S. 459, 464 (1945) ("[W]hen the action is in essence one for the recovery of money from the state, the state is the real, substantial party in interest and is entitled to invoke its sovereign immunity from suit even though individual officials are nominal defendants."), overruled on other grounds by

---

[2] Also, although Neb. Rev. Stat. § 81-8,214 provides that the state district courts have exclusive jurisdiction to hear, determine, and render judgment on any suit or claim brought under the State Tort Claims Act, a comparable provision in the Nebraska Fair Employment Practices Act has been held not to prevent the exercise of supplemental jurisdiction by a federal district court under 28 U.S.C. § 1367(a). See Hassler v. Alegent Health, 198 F.Supp.2d 1108, 1112 (D. Neb. 2002) (a State has no power to enlarge or contract federal jurisdiction).

Lapides v. Board of Regents of Univ. Sys. of Ga., 535 U.S. 613, 614-15 (2002); Edelman 415 U.S. at 663 ("[A] suit by private parties seeking to impose a liability which must be paid from public funds in the state treasury is barred by the Eleventh Amendment."); Cooper v. St. Cloud State University, 226 F.3d 964, 968 (8th Cir. 2000) ("The Eleventh Amendment bars federal court jurisdiction over state law claims against unconsenting states or state officials when the state is the real, substantial party in interest, regardless of the remedy sought.") (citing Pennhurst State Sch. & Hosp. v. Halderman, 465 U.S. 89 (1984)).

"Personal-capacity suits seek to impose personal liability upon a government official for actions he takes under color of state law. Official-capacity suits, in contrast, 'generally represent only another way of pleading an action against an entity of which an officer is an agent.'" Kentucky v. Graham, 473 U.S. 159, 165 (1985) (citation omitted) (quoting Monell v. New York City Dept. of Social Services, 436 U.S. 658, 690, n. 55 (1978)). "Thus, while an award of damages against an official in his personal capacity can be executed only against the official's personal assets, a plaintiff seeking to recover on a damages judgment in an official-capacity suit must look to the government entity itself." Id., at 166 (footnote omitted).

Neb. Rev. Stat. § 81-8,225 "establishe[s] in the state treasury a Tort Claims Fund from which all awards or judgments under the State Tort Claims Act shall be paid,"[3] but courts have held that similar statutory provisions, authorizing payment of judgments against state employees in their individual capacity on account of torts committed within the scope of their employment, do not operate to extend Eleventh

---

[3] Nebraska law also requires indemnification of state employees "for money damages and reasonable costs incurred as a result of an act or omission occurring in the course and scope of employment," Neb. Rev. Stat. § 81-8,239.05, and the Legislature has established a State Self-Insured Indemnification and Liability Fund for the purpose of paying such indemnification claims and also paying "compensable liability and fidelity claims against the state or its agencies, officials, or employees which are not fully covered by insurance," Neb. Rev. Stat. § 81-8,239.02(3).

5

Amendment immunity to the employees.  See, e.g., Barger v. Kansas, 620 F. Supp. 1422, 1437-38 (D. Kan. 1985) (such statutes are simply agreements between the state and its employees and cannot be converted into a basis for Eleventh Amendment immunity by the state); Broome v. Percy, 470 F. Supp. 633, 635-36 (E.D. Wis. 1979) (statute did not transform actions brought against state employees into actions against the state).  The Eighth Circuit has also held that "state statutes that indemnify individuals from the consequences of carrying out their duties do not alone make the state the real party in interest."  Okruhlik v. University of Arkansas ex rel. May, 255 F.3d 615, 627 (8th Cir. 2001) (citing Griess v. Colorado, 841 F.2d 1042, 1045-46 (10th Cir.1988)).  See also Kenyon v. Iowa, 2003 WL 22272137, *6 (N.D. Ia. 2003) (that the judgment may be payable from state treasury is not an insuperable bar to relief in federal court).

Anville and Eberle do not claim personal immunity with respect to the plaintiff's constitutional tort claims.  They also do not challenge the § 1983 claim on Rule 12(b)(6) grounds.  They only argue that the plaintiff has failed to state a claim for relief under 42 U.S.C. § 1985.

"To state a claim under the equal protection provisions of the first part of § 1985(3), [a plaintiff] must allege (1) a conspiracy, (2) for the purpose of depriving another of the 'equal protection of the laws, or of equal privileges and immunities under the laws;' (3) an act in furtherance of the conspiracy; and (4) an injury to a person or property, or the deprivation of a legal right. Griffin v. Breckenridge, 403 U.S. 88, 102-03, 91 S.Ct. 1790, 29 L.Ed.2d 338 (1971); 42 U.S.C. § 1985(3).  A claim under this part of the section also requires proof of a class-based animus, Griffin, 403 U.S. at 102, 91 S.Ct. 1790, 29 L.Ed.2d 338.  In addition, [a plaintiff] must allege that an independent federal right has been infringed. Section 1985 is a statute which provides a remedy, but it grants no substantive stand-alone rights. The source of the right or laws violated must be found elsewhere. United Bhd. of Carpenters & Joiners of Am. v. Scott, 463 U.S. 825, 833, 103 S.Ct. 3352, 77 L.Ed.2d 1049 (1983); Great Am. Fed. Sav. & Loan Ass'n. v. Novotny, 442 U.S. 366, 376, 99

6

S.Ct. 2345, 60 L.Ed.2d 957 (1979)." Federer v. Gephardt, 363 F.3d 754, 757-58 (8th Cir. 2004) (footnotes omitted).

The plaintiff alleges that "all Defendants have a policy of arresting and detaining (racial profiling) blacks/African-Americans who attend the Septemberfest Omaha, Inc. [carnival] without probable cause or a warrant" (Complaint, ¶ 29), and that "[e]ach defendant, individually and in concert with others, acted willfully, knowingly, and with specific intent to deprive plaintiff of her rights and freedom from illegal searches and seizures of their [sic] persons, papers, and effects, and of their [sic] rights to freedom from a [sic] unlawful arrest detention, and imprisonment . . . ." (Complaint ¶ 32). The plaintiff does not specifically allege that she is African-American, but the defendants do not specifically complain about the lack of such an allegation. Their principal objection is that no conspiracy is alleged.

To state a claim under 42 U.S.C. § 1985(3), the plaintiff must "allege with particularity . . . that the defendants reached an agreement." Rouse v. Benson, 193 F.3d 936, 943 (8th Cir. 1999).[4] Giving the plaintiff the benefit of all reasonable

---

[4] "This requirement does not reflect a 'heightened pleading standard,' see Leatherman v. Tarrant Cty. Narcotics Intelligence and Coordination Unit, 507 U.S. 163 (1993) (holding that Rule 9 heightened pleading standard does not apply to civil rights claims); rather, the requirement is simply that the plaintiff plead the essential elements of the claim. Fletcher v. Tom Thumb, Inc., No. CIV. 99-1680, 2001 WL 893913, *3 (D.Minn. Aug. 7, 2001). The Eighth Circuit has required "specific facts" of a conspiracy to be alleged where § 1985 claims are made against private persons for allegedly conspiring with immune public officials, see Rogers v. Bruntrager, 841 F.2d 853, 856 (8th Cir. 1988) (public defender could be regarded as acting under color of state law if he conspired with prosecutors and judges, but complaint failed to allege specific facts of a conspiracy); Smith v. Bacon, 699 F.2d 434, 436 (8th Cir. 1983) (factual basis for the conspiracy need not be extensive, but it must be enough to avoid a finding that the suit is frivolous); White v. Walsh, 649 F.2d 560, 561 (8th Cir. 1981) (there must be some factual allegations suggesting a "meeting of the minds"); White v. Bloom, 621 F.2d 276, 281 (8th Cir. 1980) (following Sparkman v. McFarlin, 601 F.2d 261, (7th Cir. 1979)), and in some instances has also applied this

7

inferences that can be drawn from the complaint—including that the plaintiff is African-American—and accepting her factual allegations as true, see Gilmore v. County of Douglas, 406 F.3d 935, 937 (8th Cir. 2005) (motion to dismiss review standard), her pleading of a § 1985 claim against Anville and Eberle is marginally sufficient under Federal Rule of Civil Procedure 8(a) (requiring "a short and plain statement of the claim showing that the pleader is entitled to relief").

Anville and Eberle are alleged to have acted "in concert" and pursuant to an unconstitutional "racial profiling" policy when they detained the plaintiff at the carnival and caused her to be arrested without probable cause.[5] They are also alleged to have been acting under color of state law while working at the carnival as off-duty officers of the Nebraska State Patrol. These allegations at least suggest that there was a "meeting of the minds" between Anville and Eberle to deny the plaintiff equal protection of the laws. In order to prevail on her § 1985 claim, the plaintiff will need to specifically demonstrate with material facts that these defendants reached an agreement, see Rouse, 193 F.3d at 943, but dismissal of the claim is not required under Rule 12(b)(6).

---

"specific facts" pleading requirement to § 1983 conspiracy claims, see, e.g., Kearse v. Moffett, 311 F.3d 891, 892 (8th Cir. 2002); Smithson v. Aldrich, 235 F.3d 1058, 1063 (8th Cir. 2000); Duvall v. Sharp, 905 F.2d 1188, 1189 (8th Cir. 1990); Haley v. Dormire, 845 F.2d 1488, 1490 (8th Cir. 1988). Recently, however, the Eighth Circuit has held that there is no heightened pleading requirements for § 1983 claims against individual defendants, and, more generally, the only permissible heightened pleading requirements in civil suits are those contained in the Federal Rules of Civil Procedure or those in federal statutes enacted by Congress. See Doe v. Cassel, 403 F.3d 986, 988-89 (8th Cir. 2005) (citing Swierkiewicz v. Sorema N.A., 534 U.S. 506, 513 (2002)).

[5] The Eighth Circuit has defined a civil conspiracy as "a combination of two or more persons acting in concert to commit an unlawful act, or to commit a lawful act by unlawful means, the principal element of which is an agreement between the parties to inflict a wrong against or injury upon another, and an overt act that results in damage." Larson by Larson v. Miller, 76 F.3d 1446, 1458 (8th Cir. 1996).

8

Anville has also moved to dismiss the plaintiff's complaint pursuant to Federal Rule of Civil Procedure 12(b)(5), but his brief (filing 15) contains no mention of the supposed insufficiency of service of process. This part of the motion therefore will be deemed abandoned. See NECivR 7.1.

### *IV. Tom Nesbit*

The plaintiff alleges that "Tom Nesbit head of the Nebraska State patrol [sic] failed to properly train said officers involved in this incident and Nebraska State Patrol is liable for the actions of off duty officers." (Complaint ¶ 27.) Nesbit is sued individually and in his official capacity. (Complaint ¶ 23: "All Defendants are sued individually and in their official capacity.")

Even though Nesbit only makes the same arguments as Anville and Eberle (identical briefs were submitted on behalf of each of these defendants),[6] a fair reading of the complaint does not disclose that he took any action outside the scope of his employment at the Nebraska State Patrol. Nesbit's alleged failure to train Anville and Eberle sounds in negligence, but plaintiff's claim against Nesbit still arises out of the alleged assault and battery, false arrest, and false imprisonment. See Cole v. Clarke, 598 N.W.2d 768, 772 (Neb. App. 1999) (State Tort Claims Act does not apply—in other words, there is no personal liability for state employees acting within the scope of their employment—if "the substance of [the] claim in fact arises out of . . . alleged false imprisonment."); United States v. Shearer, 473 U.S. 52, 55 (1985) (Federal Tort Claims Act "assault and battery" exclusion applied to "negligent supervision" claim that stemmed from a battery committed by a government employee). Consequently, Nesbit is immune from personal liability under the State Tort Claims Act.

---

[6] Like Anville, Nesbit has failed to discuss the basis for that part of his motion seeking dismissal under Rule 12(b)(5) for insufficiency of service of process, and such part is deemed abandoned.

Nesbit, of course, also has Eleventh Amendment immunity with respect to all official-capacity claims that are alleged against him. Nesbit is not immune from suit in his personal capacity on the plaintiff's constitutional tort claims.

The pleading sufficiency of the plaintiff's § 1983 claim is not challenged by Nesbit. With respect to the § 1985 claim, however, Nesbit argues, like Anville and Eberle, that a conspiracy has not been alleged.

Despite the plaintiff's general allegation that "all Defendants have a policy of arresting and detaining (racial profiling) blacks/African-Americans who attend the Septemberfest Omaha, Inc. [carnival] . . ." (Complaint, ¶ 29), there is no indication in the complaint that Nesbit had any connection to Septemberfest Omaha, Inc., or even knew that off-duty Nebraska State Patrol officers would be working at the carnival. Similarly, even though the plaintiff generally alleges that "[e]ach defendant, individually and in concert with others, acted . . . to deprive plaintiff of her rights . . ." (Complaint ¶ 32), Nesbit's only alleged direct involvement was that he "failed to properly train said officers involved in this incident . . . [i.e., Anville and Eberle]" (Complaint ¶ 27.) While the plaintiff's allegations are barely sufficient to support a claim that Anville and Eberle conspired together to violate the plaintiff's rights, it simply cannot be inferred that Nesbit was also a party to that conspiracy.

IT IS ORDERED that:

1. Filing 6, the motion to dismiss filed by the defendant Omaha Police Department, is granted pursuant to Fed. R. Civ. P. 12(b)(6).

2. Filing 12, the motion to dismiss filed by the defendants State of Nebraska and Nebraska State Patrol, is granted pursuant to Fed. R. Civ. P. 12(b)(1).

3. Filing 14, the motion to dismiss filed by the defendant Gordon Anville, is granted in part and denied in part, as follows:
   a. The motion is granted pursuant to Fed. R. Civ. P. 12(b)(1) with respect to all claims alleged against this defendant in his official capacity; and
   b. In all other respects, the motion is denied.

4. Filing 16, the motion to dismiss filed by the defendant Alan Eberle, is granted in part and denied in part, as follows:
   a. The motion is granted pursuant to Fed. R. Civ. P. 12(b)(1) with respect to all claims alleged against this defendant in his official capacity; and
   b. In all other respects, the motion is denied.

5. Filing 18, the motion to dismiss filed by the defendant Tom Nesbit, is granted in part and denied in part, as follows:
   a. The motion is granted pursuant to Fed. R. Civ. P. 12(b)(1) with respect to all claims alleged against this defendant in his official capacity;
   b. The motion is granted pursuant to Fed. R. Civ. P. 12(b)(6) with respect to all state tort claims alleged against this defendant;
   c. The motion is granted pursuant to Fed. R. Civ. P. 12(b)(6) with respect to any § 1985 claim alleged against this defendant; and
   d. In all other respects, the motion is denied.

June 27, 2005.　　　　　　　　　　　BY THE COURT:

　　　　　　　　　　　　　　　　　　s/ *Richard G. Kopf*
　　　　　　　　　　　　　　　　　　United States District Judge

11